IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA,       )
                                )
      v.                        )        4:25-cr-10
                                )
EUGENE MONTALE JENKINS,         )
                                )
      Defendant.                )

## FINAL INSTRUCTIONS TO THE JURY

Members of the Jury:

You have now heard all the evidence in the case as well as the final arguments of the lawyers for the parties.

It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in the case.

It is my duty to preside over the trial and to determine what testimony and evidence are relevant under the law for your consideration. It is also my duty at the end of the trial to instruct you on the law applicable to the case.

## DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts. But in determining what actually happened in this case — that is, in reaching your decision as to the facts — it is your sworn duty to follow the law I am now in the process of defining for you.

You must follow all my instructions as a whole. You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. That is, you must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I give it to you, regardless of the consequences.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendant guilty of the offenses charged in the Indictment.

It is also your duty to base your verdict solely upon the testimony and evidence in the case, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors in this case, and they have the right to expect nothing less.

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF

The Indictment against the Defendant is not evidence of guilt. Indeed, a defendant is presumed by the law to be innocent. The law does not require a defendant to prove his or her innocence or produce any evidence at all, and no inference whatsoever may be drawn from the election of a defendant not to testify. The Government has the burden of proving a defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit that defendant.

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that the Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A reasonable doubt may arise either from the evidence or from a lack of evidence.

## EVIDENCE — EXCLUDING ARGUMENT OF COUNSEL AND COMMENT OF COURT

As I stated earlier, it is your duty to determine the facts, and in so doing, you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections, or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

Also, during this trial, I occasionally made comments to the lawyers, or may have asked questions of a witness, or admonished a witness concerning the manner in which he or she should respond to the questions of counsel. Do not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

- 4 -

## EVIDENCE

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

You may consider both direct and circumstantial evidence. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of facts and circumstances which tends to prove a disputed fact. You may infer on the basis of reason, experience, and common sense from one established fact the existence or non-existence of some other fact. Inferences may be drawn only from facts in evidence. They may not be based on mere speculation, guess, or conjecture as to what might have happened.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. The law requires only that you consider all of the evidence and be convinced of a defendant's guilt beyond a reasonable doubt before that defendant

can be convicted. When the evidence is circumstantial, the circumstances must be proved and not presumed.

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and the weight to be given that testimony. In making that decision, you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

You may ask yourself whether there was evidence tending to prove that during the trial one or more witnesses may have testified falsely concerning some important fact; or whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and that may depend

- 6 -

on whether it has to do with an important fact or with only an unimportant detail.

In deciding whether you believe or do not believe any witness, I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did he or she have any particular reason not to tell the truth? Did he or she have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did he or she appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses?

Always keep in mind that the Defendant never has the burden to present any evidence whatsoever.

## WITNESS' FELONY CONVICTION

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe his or her testimony.

## WITNESS' COOPERATION

The testimony of one who enters an agreement to cooperate with law enforcement must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses. You, the jury, must decide whether the witness's testimony has been affected by any of those circumstances or by his or her interest in the outcome of the case, or by the benefits that he or she has received as a result of the agreement; and if you determine that the testimony of such a witness was affected by any one or more of those factors, you should keep in mind that such testimony is always to be received with caution and weighed with great care.

## WITNESSES WITH SPECIALIZED KNOWLEDGE

If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters. Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case. You are the judges of the facts.

## STIPULATIONS OF FACT

While we were hearing evidence, you were told that the Government and the Defendant agreed, or stipulated, to certain facts. This simply means that the parties accept the facts to which they stipulated. There is no disagreement over those facts, so there was no need for evidence by either side on that point. You may accept the stipulation as fact, even though nothing more was said about it.

## IDENTIFICATION

The burden of proof on the Government extends to every element of each crime charged, and this specifically includes the burden of proving beyond a reasonable doubt the identity of the Defendant as the perpetrator of the crime for which he stands charged. You, the Jury, must be satisfied beyond a reasonable doubt of the accuracy of the identification as to the Defendant before you may convict him. If, after examining the testimony, you have a reasonable doubt as to whether the Defendant was the individual who committed the crime charged, you must find the Defendant not guilty of that crime.

During this trial, you have seen video recordings and heard audio recordings. This is proper evidence that you should consider together with, and in the same way, you consider the other evidence. In other words, whether to believe that testimony and what weight to assign that testimony and evidence, including who may be depicted in the video or whose voice is heard in the audio recordings, is entirely a matter for you, the Jury, to decide in accordance with these instructions. In evaluating the identification testimony of any witness as to an individual or voice portrayed in either the video or audio recordings, you may consider all matters including whether the witness had known or observed the person at earlier times, the

quality of the video or audio recordings, and any other factors you find may reasonably bear on any identification testimony. It is up to you, the Jury, to decide what any video or audio recordings depict and whether any individual depicted in the video or audio recordings may be identified as the Defendant or anyone else. You are not bound by the identification testimony of a witness during this trial.

## OTHER ACTS

The Defendant is not on trial for any act not charged in the Indictment. During the trial, you heard evidence as to controlled buys preceding the alleged search which are alleged to have occurred from March, 2023 to July, 2023. Testimony has also been presented that the Defendant possessed a firearm at times other than the date alleged in the Indictment. You may not consider this evidence for the purpose of showing the Defendant's character or any propensity to violate the law. In other words, you may not consider or conclude from this evidence that the Defendant has bad character, nor may you conclude that, because the Defendant may have committed another crime in the past, he is more likely to commit the crimes charged.

However, the law does allow the evidence of controlled buys alleged to have occurred from March, 2023 to July, 2023 to be considered solely for certain limited purposes. You may properly consider this evidence only as to Count Two and only for the limited purposes of determining the Defendant's intent and knowledge as to Count Two.

The law also allows the evidence of a firearm possession other that the date alleged in the Indictment to be considered for the limited purpose of determining whether the Defendant had

- 14 -

the state of mind or intent necessary to commit the offenses charged in Counts One and Three.

Therefore, if you find (1) that the Government has proved these other acts about which I allowed testimony, and (2) that those acts are related, or similar, to the relevant offense charged in the Indictment, then you may consider those other acts in determining whether the Defendant had the state of mind or intent necessary to commit the acts charged in the Indictment.

You may not consider this evidence for any other purpose. Whether these other acts occurred and the weight to be assigned that testimony are matters solely for you to determine.

- 15 -

## INTRODUCTION TO OFFENSE INSTRUCTIONS

In this case, the Indictment charges three offenses, or "counts," as to the Defendant. I will not read the Indictment to you at this time because you will be given a copy for study during your deliberations.

In summary, the Indictment in Count One charges a violation of a violation of Title 18, United States Code, Section 922(g)(1). In Count Two, the Indictment charges a violation of Title 21, United States Code, Section 841(a)(1). Count Three of the Indictment charges a violation of Title 18, United States Code, Section 924(c). I will now explain the law governing these offenses. I will instruct you as to the specific facts, or elements, that the Government must prove beyond a reasonable doubt before the Defendant can be convicted. Throughout these instructions, I may use the term "facts" or "elements" interchangeably.

## COUNT ONE

## 18 U.S.C. § 922(g)(1)

Count One of the Indictment charges the Defendant with a violation of Title 18, United States Code, Section 922(g)(1). In order to prove the Defendant, Eugene Montale Jenkins, guilty of the offense charged in Count One of the Indictment, the Government must prove beyond a reasonable doubt each of the following facts:

One: On or about the date charged in the Indictment, the Defendant knowingly possessed a firearm; and

Two: prior to possessing the firearm, the Defendant had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year; and

Three: at the time of the charged act, the Defendant knew he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year; and

Four: the Defendant's possession of the firearm was in or affecting interstate or foreign commerce.

Before the Defendant may be convicted of the offense charged in Count Four of the Indictment, you must unanimously agree that the Government has proved beyond a reasonable doubt each of these facts. If the Government fails to prove any of

- 17 -

these facts beyond a reasonable doubt, then you must find the Defendant not guilty.

With respect to the first element, the Government must prove that the Defendant knowingly possessed a firearm as alleged in Count One. A firearm is defined as any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive or the frame or receiver of any such weapon.

With regard to the third element, the Government is not required to prove that the Defendant knew that he was prohibited from possessing a firearm as a result of any conviction; rather the Government need only prove, beyond a reasonable doubt, that the Defendant knew he had been convicted in a court of a crime punishable by a term of imprisonment exceeding one year. A crime punishable by imprisonment exceeding one year is a felony.

With regard to the fourth element, the term "interstate commerce" includes the movement of an item between any place in one state and any place in another state. It is not necessary that the Government prove that the Defendant knew that the firearm had moved in interstate commerce, only that at some time either prior to or during the period he is alleged to have possessed it, that the firearm made such a movement. The parties

have stipulated that the firearm traveled in and affected

interstate commerce. You are to accept this fact as proven.

## COUNT TWO

## 21 U.S.C. § 841(a)(1)

Count Two of the Indictment charges the Defendant with a violation of Title 21, United States Code, Section 841(a)(1).

In order to prove the Defendant, Eugene Montale Jenkins, guilty of the offense charged in Count Two of the Indictment, the Government must prove beyond a reasonable doubt each of the following facts:

<u>One</u>: The Defendant knowingly possessed a quantity of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance within the meaning of 21 U.S.C. § 812; and

<u>Two</u>: At the time of such possession, the Defendant knew the substance was a controlled substance; and

<u>Three</u>: At the time of such possession, the Defendant intended to distribute the controlled substance.

Before the Defendant, Eugene Montale Jenkins, may be convicted of the offense charged in Count Two of the Indictment, you must unanimously agree that the Government has proved, beyond a reasonable doubt, each of these facts. If the Government fails to prove even one of these facts as to Count Two beyond a reasonable doubt, then you must find the Defendant not guilty.

- 20 -

"Intent to distribute" simply means to have a purpose to deliver or transfer possession of some or all of a quantity of a controlled substance to another person, with or without any financial interest in the transaction. In determining a person's intent to distribute a controlled substance, you may consider, among other things, the purity of the controlled substance, the quantity of the controlled substance, the presence of equipment used in the processing or sale of controlled substances, and large amounts of cash.

To "distribute" simply means to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

It is not necessary that the Government prove that the Defendant knew the exact nature of the controlled substance he may have possessed with the intent to distribute so long as the proof shows beyond a reasonable doubt that the Defendant knew that the item possessed with the intention of distributing was indeed a controlled substance.

A controlled substance is one which the Federal Government has chosen to regulate and generally prohibit persons from possessing without a valid prescription. Fentanyl is a Schedule II controlled substance within the meaning of 21 U.S.C. § 812.

If, and only if, you find the Defendant guilty of the

- 21 -

offense charged in Count Two, then you must answer the following special interrogatory:

What amount, if any, of a substance containing a detectable amount of fentanyl did the Defendant knowingly possess with intent to distribute?  (The foreperson should check and initial the applicable box.)

_____ 40 grams or more

_____ Less than 40 grams

If, and only if, you find the Defendant guilty of the offense charged in Count Two, then you must consider and answer this question. The burden of proof is on the Government to prove, beyond a reasonable doubt, the quantity of controlled substance that the Defendant knowingly possessed with intent to distribute. You must unanimously agree on your response to this question. If the Government failed to prove, beyond a reasonable doubt, the quantity of controlled substance the Defendant conspired to distribute, then you must answer the question as "0".

## COUNT THREE

## 18 U.S.C. § 924(c)

Count Three of the Indictment charges the Defendant with a violation of Title 18, United States Code, Section 924(c).

In order to prove the Defendant guilty of the offense charged in Count Three, the Government must prove beyond a reasonable doubt each of the following facts:

<u>One</u>: That the Defendant committed a drug trafficking crime for which he could be prosecuted in a court of the United States, that is, to knowingly possess a quantity of fentanyl, a Schedule II controlled substance, as charged in Count Two of the Indictment; and

<u>Two</u>: That the Defendant knowingly possessed a firearm in furtherance of the offense charged in Count Two.

Before the Defendant may be convicted of the offense charged in Count Three of the Indictment, you must unanimously agree that the Government has proved beyond a reasonable doubt each of these facts. If the Government fails to prove any of these facts beyond a reasonable doubt, then you must find the Defendant not guilty.

If your verdict as to Count Two is "Guilty," then you will proceed to determine the Defendant's guilt or innocence as to Count Three in accordance with these instructions. If you find

- 23 -

the Defendant "Not Guilty" of the offense charged in Count Two, then you must also find him "Not Guilty" as to the offense charged in Count Three.

A firearm is used "in furtherance" of a drug trafficking crime if the possession of such firearm furthered, advanced, or helped forward the drug trafficking crime. A firearm might further or advance drug trafficking in many ways. For example, a firearm could be used for protection against someone trying to steal drugs or drug profits, to lessen the chance that a robbery would be attempted, to ensure one can collect the profits from a drug deal, or to serve as protection if a drug deal becomes problematic or to prevent a deal from becoming problematic in the first place.

Moreover, there are many factors that may lead you to conclude that a connection existed between a defendant's possession of a firearm and his drug trafficking activity. Some of these factors may include but are not limited to the type of drug activity that is being conducted, accessibility of the firearm, the type of weapon, whether the weapon is stolen, the status of possession (legitimate or legal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found.

The possession is in furtherance if the purpose of the firearm was to protect or embolden the Defendant. The Government does not have to prove that the firearm was loaded. The Government does not have to prove that the firearm was operable, only that it may readily be converted to expel a projectile by the action of an explosive.

A firearm is defined as any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive or the frame or receiver of any such weapon.

## DEFINITIONS

The term "firearm" means any weapon which will or is designed to, or may readily be converted to, expel a projectile by the action of an explosive.

## DEFENDANT'S PRIOR FELONY CONVICTION

During the trial, the Government introduced evidence of a Judgment entered against the Defendant and the related transcript of the guilty plea at sentencing. Irrelevant parts of the Judgment have been redacted. You should not consider or speculate as to what may have been redacted.

You may consider this evidence only in your deliberations as to Count One in determining whether the Defendant had a prior felony conviction and knowledge of that conviction.

This evidence is necessary and proper because, as you have been instructed, a disqualifying felony conviction and knowledge of that conviction are elements of the offense with which the Defendant has been charged in Count One. However, while proof of the Defendant's prior conviction is necessary and proper, you should not conclude that because the Defendant may have committed a crime in the past, he committed the offense with which he is currently charged. Nor should you conclude that any prior conviction shows general bad character or a likelihood that the Defendant would commit future crimes.

As I have instructed, the Defendant is presumed innocent until proven guilty of the current charge. Therefore, you should consider evidence of the Defendant's prior conviction only to

- 27 -

determine whether the Government has proven these elements of the
offenses charged in Count One beyond a reasonable doubt.

## POSSESSION

I will now define "possession" as used in these instructions. The law recognizes several kinds of possession. A person may have actual possession or constructive possession. A person may also have sole possession or joint possession.

Actual possession is when a person knowingly has direct physical control of something on or around his person.

A person is in constructive possession of something when they knowingly have both the power and the intention to exercise dominion and control over a thing, at a given time, either directly or through another person or persons, even when they do not have actual possession of it. To prove constructive possession, the Government must prove beyond a reasonable doubt that the Defendant had knowledge of the presence of the item in question and that he had both the power and the intention to later take control over the item. In determining whether an item was constructively possessed, you may consider all of the facts and circumstances you find relevant and assign such weight to those facts and circumstances as you determine, including evidence which shows ownership, dominion, or control over the item itself or the premises in which the item is found.

The law also recognizes that possession may be sole or joint. If one person alone has possession of something,

possession is sole. If two or more persons share possession, possession is joint.

Whenever I use the word possession, I am referring to actual as well as constructive possession and sole as well as joint possession.

## <u>KNOWINGLY</u>

The word "knowingly" as that term has been used from time to time in these instructions means that the act was done voluntarily and intentionally and not because of mistake or accident. To act knowingly is to act with knowledge of the facts that constitute the offense but not necessarily with knowledge that the facts amount to illegal conduct, as the government is not required to prove that a defendant knew his acts or omissions were unlawful.

Whether a defendant acts "knowingly" or with certain knowledge may be proved by either direct or circumstantial evidence. In considering whether a defendant acted "knowingly," you may consider, among other things, what a defendant may have said or done or any other facts or circumstances which your reason and common sense tells you is relevant to whether the Defendant had the required knowledge for the element at hand. It is entirely up to you to determine the facts and the weight to be given those facts.

- 31 -

## <u>ON OR ABOUT</u>

You will note that the Indictment charges that the offenses were committed "on or about" certain dates. The evidence need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged. The determination of "reasonably near" is for you to decide.

- 32 -

## CAUTION

I caution you, Members of the Jury, that you are here to determine the guilt or innocence of Eugene Montale Jenkins from the evidence in this case. The Defendant is not on trial for any act or conduct or offense not alleged in the Indictment. Neither are you called upon to return a verdict as to the guilt or innocence of any other person or persons not on trial as a defendant in this case.

Also, the punishment provided by law for the offense charged in the Indictment is a matter exclusively within the province of the court or judge and should never be considered by the jury in any way in arriving at an impartial verdict as to the guilt or innocence of the Defendant.

## DUTY TO DELIBERATE

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges — judges of the facts. Your only interest is to seek the truth from the evidence in the case.

- 34 -

## **VERDICT FORM**

Upon retiring to the jury room, you should first elect one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson for you here in court. A form of verdict has been prepared for your convenience.

The form will, consistent with my prior instructions to you, ask you whether the Defendant, Eugene Montale Jenkins, is Guilty or Not Guilty beyond a reasonable doubt as to the offenses charged in the Indictment.

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict and as to all issues, you will have your foreperson fill it in, date it, and sign it. Once you have reached a verdict, please pass a note to the Marshal that you are ready to return to the courtroom with your verdict. Do not disclose your verdict in that note. We will then have you return to the courtroom.

If, during your deliberations, you should desire to communicate with the court, please reduce your message or question to writing signed by the foreperson, knock on the door, and then pass the note to the Marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, regarding any message

- 35 -

or question you might send, that you should never state or specify your numerical division at that time.

You should discuss the case only in the jury room and only when all twelve of you are present. If one person needs to be excused, even briefly, suspend all discussion until you are all back together again.

If you would like to take a break and leave the jury room, please send a note to the Marshal. I do want to keep track of where you are at any and all times. Upon receipt of your note, I will bring you into the courtroom and dismiss you for a break.

I am sending the exhibits which have been received into evidence with you as you retire for your deliberations. You are entitled to see and consider any or all these exhibits as you deliberate upon your verdict. I will also send back with you a copy of the Indictment and a copy of these instructions.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, Instagram, TikTok, LinkedIn, YouTube or Twitter, to

communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.